UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

GAR DISABILITY ADVOCATES, LLC,

Plaintiff,

vs.

MIRANDA DEEM, ERICA
DOUGHERTY, PAMELA HOFER, and
JOHN DOES #1-99,

Defendants.

Civ. No. 17-cv-4814-KM-MAH

OPINION

**KEVIN MCNULTY, U.S.D.J.:**

Plaintiff GAR Disability Advocates, LLC ("GAR") sues defendants Miranda Deem, Erica Dougherty, and Pamela Hofer. GAR alleges that defendants have engaged in conversion and tortious interference with existing business relationships. GAR seeks temporary restraints, a permanent injunction, and damages. Defendant Pamela Hofer moves to dismiss the complaint for improper service of process, lack of personal jurisdiction, improper venue, and failure to state a claim. I find that the District of New Jersey is not a proper venue and I order that the case be transferred to the Eastern District of Kentucky.

## I. BACKGROUND[1]

Plaintiff GAR is a Delaware limited liability company with its principal place of business in New Jersey. (Compl. ¶ 1). GAR's parent company is Asta Funding, Inc. ("Asta Funding") (Compl. ¶ 3).

---

[1] All facts and inferences are made in favor of the nonmoving party on a motion to dismiss. Citations to the Complaint and Request for Injunction, (ECF No. 1), are abbreviated as "Compl."

1

GAR is an organization that assists individuals applying for and receiving Social Security Disability benefits or Supplemental Security Income. (Compl. ¶ 6). Non-attorney advocates and case managers assist GAR clients at all stages throughout the disability application process. (Compl. ¶ 24).

GAR formerly maintained a satellite office in Morehead, Kentucky ("Kentucky Office"). (Compl. ¶ 14). Defendants Ms. Deem, Ms. Doherty, and Ms. Hofer, former employees of GAR's Kentucky Office, are all residents of Kentucky. (Compl. ¶¶ 3, 8). Ms. Hofer was hired as manager of the Kentucky Office and a non-attorney advocate on August 3, 2015. (Compl. ¶¶ 15-17). As a non-attorney advocate, Ms. Hofer provided direct representation to clients before Administrative Law Judges. (Compl. ¶ 17). Ms. Dougherty was hired as a case manager on August 3, 2015. (Compl. ¶ 18). Ms. Deem was hired as a case manager on March 17, 2016. (Compl. ¶ 19).

Ms. Deem, Ms. Dougherty, and Ms. Hofer were provided with GAR property, including laptop computers, for work purposes. (Compl. ¶ 25). They were also afforded access to GAR's Customer Relationship Management Software, known as "Sales Force." (Compl. ¶ 26). Sales Force can generate confidential reports, including a list of a case manager's active client roster. (Compl. ¶ 27). A client roster contains personal information such as an applicant's name, telephone number, state of residence, and alleged disabilities. (Compl. ¶ 28).

Given the confidential nature of the information that GAR employees encounter, all GAR employees must agree to be bound by the terms of the Employee Code of Conduct and the Employee Handbook. (Compl. ¶ 29). The Code of Conduct stipulates that an individual may not directly or indirectly disclose any confidential information to any third person or use any such information for the benefit of anyone other than GAR without the explicit prior written consent of GAR. (Compl. ¶ 31). The Employee Handbook states that "when an Employee's employment with Asta Funding terminates, for whatever reason, the Employee is required to immediately return all Company-owned

property used during his/her employment, and all documents, disks, and other materials containing proprietary or confidential information belonging to the Company." (Compl. ¶ 32). The Employee Handbook includes a list of company-owned property (such as keys, credit cards, computers, etc.). (Compl. ¶ 33). The Employee Handbook also states that employees must return all originals or duplicates of any written or other tangible items, in whatever form, including trade secrets and confidential information. (Compl. ¶ 34). Ms. Dougherty, Ms. Hofer, and Ms. Deem all agreed to be bound by the terms of the Employee Code of Conduct. (Compl. ¶¶ 35, 36, 38).

Ms. Dougherty was terminated on July 14, 2016 by Ms. Hofer. (Compl. ¶ 39). On March 3, 2017, the GAR Kentucky Office was officially closed and all employees were terminated. (Compl. ¶ 40). On March 9, 2017, Ms. Hofer was provided with pre-printed FedEx labels to facilitate her return of GAR property that was in her custody. (Compl. ¶ 41).

On or around March 16, 2017, Ms. Hofer or someone acting on her behalf hung a sign in the window of the former GAR Kentucky Office advising clients to contact Ms. Hofer on her personal cell phone. (Compl. ¶ 43). Following her termination, Ms. Hofer continued to travel to hearings and conduct them, advising GAR clients that she was authorized to do so. (Compl. ¶ 44).

GAR received communication from clients about continued contact from the defendants. (Compl. ¶ 47). GAR then sent cease-and-desist letters to Ms. Deem. (Compl. ¶ 47). The defendants have allegedly failed to return GAR's property in accordance with the Employee Code of Conduct and the Employee Handbook. (Compl. ¶ 48). Defendants have allegedly continued to use GAR's property in an effort to contact GAR clients for the purpose of inducing them to terminate their relationship with GAR. (Compl. ¶ 49). Defendants have purportedly attempted to have clients begin working with Ms. Hofer or with another organization, People's Disability Advocates. (Compl. ¶ 49).

3

Plaintiff GAR asserts three causes of action. First, GAR alleges conversion. GAR claims that Ms. Dougherty, Ms. Hofer, and Ms. Deem have failed to return GAR property, including client lists and computers. (Compl. ¶¶ 50-54). Second, GAR alleges tortious interference with existing business relationships. Third, GAR seeks temporary restraints and a permanent injunction. GAR claims that defendants are causing irreparable harm as a result of "ongoing conduct damage to GAR's business reputation, Defendants' improper communications with GAR's clients, misuse of GAR's confidential information including clients lists and client information, and/or to contact GAR's clients for purposes of inducing them to move their cases from GAR to Defendants." (Compl. ¶¶ 64-68).

GAR seeks injunctive relief barring defendants from contacting any active client of GAR, disparaging GAR to clients or employees of GAR, or disparaging GAR to staff members of the Social Security Administration. (Compl.). GAR also demands that defendants immediately return all GAR property, direct all inquiries received from GAR clients to GAR's corporate headquarters, immediately place in escrow (or, alternatively, surrender to the court) all fees paid by any clients of GAR to defendants, and other appropriate relief. (Compl.).

Currently before the court is Ms. Hofer's motion to dismiss for improper service of process, lack of personal jurisdiction, improper venue, and failure to state a claim. (ECF No. 15-1).

## II. DISCUSSION

### A. Venue

Ms. Hofer argues that venue is improper in this district. The movant has the burden of demonstrating that venue is improper. *Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724 (3d Cir. 1982); *Eviner v. Eng*, No. 12-2245, 2013 WL 6450284, at *2, (D.N.J. Dec. 6, 2013).

For both federal question and diversity cases, 28 U.S.C. § 1391(b) governs questions of venue. It provides that an action may be brought only in:

4

> **(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

The District of New Jersey is not a proper venue under 1391(b)(1). None of the defendants—Ms. Deem, Ms. Dougherty, or Ms. Hofer—are residents of New Jersey. All three are residents of the State of Kentucky. (Compl. ¶¶ 3, 13-19).[2] Thus § 1391(b)(1) venue would be proper in the Western District of Kentucky or Eastern District of Kentucky, provided that at least one of the defendants lives in that district.

Section 1391(b) is not a basis for venue in the District of New Jersey because a "substantial part" of the events or omissions giving rise to GAR's claims did not occur in New Jersey. Any stray occurrences in New Jersey would not approach the threshold of substantiality. "The test for determining venue is not the defendant's 'contacts' with a particular district, but rather the location of those 'events or omissions giving rise to the claim.'" *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994); *accord Bookman v. First Am. Mktg. Corp.*, 459 F. App'x 157, 161 (3d Cir. 2012); *Leone v. Cataldo*, 574 F. Supp. 2d 471, 483 (E.D. Pa. 2008). Events or omissions that have only "some tangential connection" with the dispute are not sufficient to support venue under this subsection. *Cottman*, 36 F.3d at 294.

---

2   The People's Disability Advocates and Christina Kelley were previously named as defendants. (Compl.). They were terminated as defendants on July 31, 2017, (ECF No. 5), and September 19, 2017, (ECF No. 13), respectively.

5

The allegations of the complaint demonstrate that all of the substantial events or omissions underlying GAR's claims occurred in Kentucky. Defendants are residents of Kentucky. (Compl. ¶ 3). Presumably they retain any property allegedly belonging to GAR in that State. Defendants worked out of GAR's satellite office in Morehead, Kentucky. (Compl. ¶¶ 13-19). GAR alleges that Hofer signed an acknowledgment form in Kentucky, improperly placed a sign in the window of GAR's Kentucky office, and improperly kept company property in Kentucky. (Compl. ¶¶ 43, 52, 58). GAR alleges that defendants have continued to contact GAR clients in Kentucky and other states. GAR does not allege, however, that defendants have contacted clients in New Jersey. (Compl. ¶¶ 44, 47, 49). Therefore, the events or omissions giving rise to the claims relate to property and persons located outside of New Jersey. The substantial acts or omissions occurred in Kentucky.

Venue is not appropriate under the fallback provision, 28 U.S.C. § 1391(b)(3). Subsection (b)(3) provides for venue in any district where any defendant is subject to personal jurisdiction, but only if there is no other venue where the action can be brought under section 1391(b). Subsection (b)(3) does not apply here because there is at least one such alternative venue available in Kentucky. Defendant Hofer has met her burden of showing that New Jersey is not a proper venue. The remaining issue is whether dismissal or transfer of the case is appropriate.

### B. Remedying Improper Venue

When venue is improper, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "Dismissal is considered to be a harsh remedy ... and transfer of venue to another district court in which the action could originally have been brought, is the preferred remedy." *NCR Credit Corp. v. Ye Seekers Horizon, Inc.*, 17 F. Supp. 2d 317, 319 (D.N.J. 1998); *see also Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962).

Section 1406(a) was enacted to avoid the "injustice which had often resulted to plaintiffs from dismissal of their actions because they had made an erroneous guess" as to the facts underlying the choice of venue. *Goldlawr*, 369 U.S. at 466. A transfer is appropriate here because there is an alternative venue available. A substantial part of the conduct giving rise to these claims arose in the Eastern District of Kentucky, given that the defendants' workplace was in Morehead, Kentucky.³ Venue is therefore proper under 1391(b)(2).

All defendants reside in Kentucky. Thus, venue would also be proper in the Western District of Kentucky or the Eastern District of Kentucky per 1391(b)(1), provided that at least one defendant resides in that district.

The Eastern District of Kentucky is an appropriate venue for this action, and I will transfer the case there.

### III. CONCLUSION

This action is transferred, pursuant to 28 U.S.C. § 1406(a), to the Eastern District of Kentucky. I decline to rule on whether service of process was proper or whether this court has personal jurisdiction; such issues should lose much of their significance in the new venue. I also decline to reach the issue of whether the complaint fails to state a claim, which should be decided by the Court that properly has venue over the case.

An appropriate order accompanies this opinion.

Dated: May 22, 2018

KEVIN MCNULTY
United States District Judge

---

³ *See* Court Locator Results, United States Courts, http://www.uscourts.gov/court-locator/city/Morehead/state/KY (showing that Morehead, Kentucky is located in the Eastern District of Kentucky).